# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

**Christa Turnell,** individually and on behalf of all others similarly situated,

    Plaintiff

v.

**Vantiv Integrated Payments, LLC**

    Defendants.

---

### PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

---

Christa Turnell, individually and on behalf of all others similarly situated, brings this action against Vantiv Integrated Payments, LLC ("Vantiv"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest and costs, including attorneys' fees and costs, as a result of Vantiv's willful violation of: the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. Plaintiff also brings this action under Rule 23 of Federal Rules of Civil Procedure on behalf of herself and other similarly situated to remedy Defendant's violations of Colorado's Wage Act ("CWA), C.R.S. §§ 8-4-101, *et. seq.* and Colorado's Minimum Wage Order ("CMWO), 7 Colo. Code Regs. § 1103-1, *et seq.*

1

3. Vantiv failed, and continues to fail, to pay its employees for the time they worked at its call center located in Durango, Colorado.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this action and to adjudicate the claims under 28 U.S.C. § 1331, because this action is brought under federal law, the FLSA.

5. This Court has personal jurisdiction over Defendant because it does business within the State of Colorado.

6. Venue is proper in this Court because Vantiv operated facilities in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

7. Plaintiff Christa Turnell ("Turnell") is a citizen of Colorado who resides in Durango, La Plata County. Vantiv employed her as a nonexempt Inbound Customer Service Agent ("CSA") from August 1, 2016 to January 15, 2017. Vantiv paid her $12 per hour. Attached, as Ex. 1, is her consent to sue.

8. Defendant Vantiv Integrated Payments, LLC is a Foreign Limited Liability Company, organized under the laws of the Delaware, with its Colorado principal place of business located at 150 Mercury Village Drive, Durango, Colorado. Vantiv can be served through its Registered Agent, Corporation Service Company, located at 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

## FACTUAL BACKGROUND

9. Vantiv operates a call center facility at 150 Mercury Village Drive, Durango Colorado.

10. Turnell worked at this location.

11. Based upon information and belief, Vantiv employed more than 400 CSAs at this location.

2

12. Turnell regularly worked 40 hours or more per work week as a CSA.

13. Turnell and the other class members are former and current call center employees, with job titles such as CSA, Associate Customer Service Specialist, or other job titles. For purposes of this Complaint, the term "CSA" will represent all such employees.

14. The CSAs perform similar job duties, namely: helping customers about issues and assisting customers via telephone.

15. Throughout Turnell and the other similarly situated CSAs' employments, Vantiv failed to pay them for the 10 to 15 minutes it took them to boot up their computers and log on to programs. This pre-shift boot-up procedure was required before the CSAs could make or answer customer calls.

16. This off-the-clock work repeated itself every shift for every employee at this location.

17. Off-the-clock work at call centers is so rampant that the U.S. Department of Labor ("DOL") issued Fact Sheet # 64 in July 2008 to alert call center employees and employers to some of the abuses that are prevalent in the industry. One of those abuses, occurring in this case, in an employer's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." Attached, as Ex. 2, DOL Fact Sheet # 64, at 2.

18. Vantiv benefited from this off-the-clock work because it provided uninterrupted coverage and shorter hold times when its customers called a CSA or when a CSA called a customer. It also permitted Vantiv to provide the same service with fewer employees.

19. Vantiv's compensation policies and practices deprived CSAs wages that were owed for pre-shift off-the-clock work. In workweeks where CSAs worked more than 40 hours, these policies and practices also deprived the CSAs of overtime pay at the rate of one and one-half times

3

their regular rate of pay, as required by the FLSA. *See* 29 U.S.C. § 207(a)(1).

20. For example, Turnell, for the December 1-16, 2016 pay-period, worked 84.75 hours for that two week pay-period. While she was paid her regular rate of $12 per hour for 80 hours and paid $18 per hour for the 4.75 hours of overtime, she was not paid at all for the 2.5 hours of required boot-up and log-in time for that pay-period, resulting in her being shorted $45 for that pay-period. Attached, as Ex. 3, Plaintiff's paystubs.

21. At all relevant times, Vantiv employed Turnell and other CSAs, it controlled their work, duties, protocols, applications, assignments, conditions of their employment and scheduled their shifts, including them to work off-the-clock.

22. The time Turnell and other CSAs spent booting up their computers and logging into programs was necessary for all CSAs to perform their jobs and was required by and solely benefited Vantiv.

23. At all relevant times, Vantiv maintained control, oversight, and direction over Turnell and all other CSAs, including its creation and enforcement of policies and practices affecting the payment of wages and overtime wages.

24. Defendant knew or should have known that, every employer "shall keep . . . a true and accurate record for each employee". *See* 7 CCR 1103-1:12. Among other requirements, the employer is mandated to maintain and preserve for a period of at least three (3) years a "daily record of all hours worked." Id.

25. Defendant knew or should have known that, every employer subject to any provision of the FLSA must maintain accurate timesheet and payroll records. *See* 29 C.F.R § 516.1. The employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each

4

employee each workweek. 29 C.F.R § 516.2.

26. At all relevant times, Vantiv was able to track the amount of time that Turnell and all other CSAs spent starting up and logging in to Vantiv's computer systems; however, Vantiv failed to document, track or pay Turnell and all other CSAs for the preliminary work that they performed in connection with each shift.

27. At all relevant times, Vantiv used its adherence and attendance policies against Turnell and all other CSAs for their preliminary time worked and failed to pay them for that time.

28. Vantiv's violation of FLSA was willful and not in good faith because, among other things, it blatantly ignored Department of Labor warnings about paying CSAs for the overtime hours they worked.

29. Vantiv's wrongful acts, as alleged herein, were not made in conformity with or reliance upon any written administration, regulation, order, ruling, interpretation, or approval by DOL or other enforcement agency.

## FLSA ALLEGATIONS AND COLLECTIVE ALLEGATIONS

30. At all relevant times, Turnell and those similarly situated were "employees" of Vantiv as defined by the FLSA. *See* 29 U.S.C. § 203(e)(1).

31. At all relevant times, Vantiv is an "employer" under the FLSA and employed Turnell and those similarly situated. *See* 29 U.S.C. § 203(d).

32. At all times relevant to this action, Vantiv "suffered or permitted" Turnell and those similarly situated to work and thus "employed" them within the meaning of the FLSA. *See* 29 U.S.C. § 203(g).

33. Vantiv earned net revenues of more than $500,000 in 2016-17 and it was engaged in commerce or in the production of goods for interstate commerce.

34. Accordingly, Vantiv is covered under the provisions of the FLSA.

5

35. Turnell and those similarly situated are not exempt from the coverage of the FLSA.

36. Turnell brings this action individually and on behalf of various class members. All of these class members are or were affected by Vantiv's willful and intentional violation of the FLSA.

37. Turnell and those similarly situated bring this action for violations of the FLSA as a collective action under 29 U.S.C. § 216(b).

38. The "FLSA Collective Action Class" is defined as:

> **All call center "Customer Service Agents," or similar job titles, employed by Vantiv Integrated Payments, LLC at any time during the last three years, who performed off-the-clock preliminary "boot up" work and were not paid for those overtime hours worked.**

Plaintiff reserves the right to redefine the FLSA Collective Action Class prior to conditional certification of the FLSA Collective Action Class.

39. This action is properly brought as a collective action under the FLSA because the members of the FLSA Collective Action Class are "similarly situated." 29 U.S.C. § 216(b).

## COLORADO WAGE AND CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure. The Rule 23 Class is defined as:

> **Rule 23 Class: All call center "Customer Service Agents," or similar job titles, employed by Vantiv Integrated Payments, LLC in Colorado at any time during the last three years, who performed off-the-clock preliminary "boot up" work and were not paid for those overtime hours worked.**

41. Plaintiff and the Rule 23 Class were or are Defendant's employees within the meaning of the CWA, C.R.S. § 8-4-101(5), and the MWO, 7 CCR 1103-1 § 2.

42. Defendant is, or was, the employer of Plaintiff and the Rule 23 Class within the meaning of the CWA, C.R.S. § 8-4-101(6), and the MWO, 7 CCR 1103-1 § 2.

6

43. The MWO requires covered employers such as Defendant to compensate all non-exempt employees, at a rate of not less than one and one-half times their regular rate of pay, for work performed in excess of forty (40) hours per workweek or 12 hours per workday.  7 CCR 1103-1 § 4.

44. Plaintiff and the Rule 23 Class regularly worked more than 40 hours per workweek performing telephone customer service activities for defendant and were not compensated for pre-shift work while booting up and logging onto computer systems that allowed them to take telephone calls.

45. Defendant failed to pay Plaintiff and the Rule 23 Class their regular overtime rates for the off-the-clock overtime hours they worked.

46.  Defendant's conduct as alleged was willful and not in a good faith effort to comply with the CWA and the CMWO, in part because it engaged in a scheme or plan that failed to pay CSAs for the pre-shift boot-up and login time.

47. The individuals in the Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such individuals is currently unknown, Plaintiff believes that the class as defined includes over 10 members and is readily identifiable from Defendant's payroll records.  Plaintiff and members of the Rule 23 Class have been equally affected by Defendant's violations of Colorado law.

48. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members, including but not limited to whether Defendant unlawfully failed to pay proper overtime premiums, whether Defendant willfully violated Colorado law, the proper measure of damages sustained by class members, and whether Defendant should be enjoined from such violations in the future.

49. Plaintiff's claims are typical of those of the Rule 23 Class. Plaintiff, like the Rule 23 Class, has suffered harm due to Defendant's common and systematic failure to pay proper overtime premiums for all hours worked in excess of forty (40) hours per workweek in violation of Colorado law when it failed to compensate CSAs for pre-shift, off-the-clock boot-up and login work.

50. Plaintiff will fully and adequately protect the interests of the Class. Plaintiff has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

51. This action is maintainable as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class which would establish incompatible standards of conduct for Defendant.

52. This action is maintainable as a class action because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members of the Rule 23 Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## CONSTRUCTION

53. This Complaint should be construed to incorporate all relevant allegations above into each legal count below. *See* Fed. R. Civ. P. 8(e).

### COUNT 1: VIOLATION OF THE FLSA—FAILURE TO PAY OVERTIME

54. Vantiv required Turnell and class members to work more than 40 hours in a workweek.

55. Vantiv required Turnell and class members to work without proper compensation.

56. Vantiv failed to pay Turnell and class members wages for each hour worked.

57. Vantiv failed to pay Turnell and those similarly situated and class members overtime compensation for hours worked beyond 40 in a workweek.

58. Vantiv violated the FLSA by failing to pay Turnell and class members overtime compensation at the rate of one and one-half for the uncompensated hours worked more than 40 in a workweek.

59. Vantiv willfully violated the FLSA, subjecting these claims to a three-year statute of limitations under 29 U.S.C. § 255 because, among other reasons, they ignored the DOL warning.

60. Because of Vantiv's FLSA violations, Turnell and class members were illegally deprived of their earned wages, entitling them to unpaid wages, liquidated damages, pre-judgment interest, costs, reasonable attorneys' fees and other compensation under 29 U.S.C. § 216(b).

## COUNT 2: VIOLATION OF COLORADO WAGE LAWS

61. The CWA, C.R.S. § 8-4-103(1) (a), requires employers to pay all wages or compensation earned by an employee in any employment, for regular pay periods of no greater duration than one calendar month or thirty days, whichever one is longer, or on regular paydays no later than ten days following the close of each pay period unless the employer and the employee mutually agree on any other alternative period of wage or salary payments.

62. The CMWO, 7 CCR1103-1 § 4, requires employers to pay overtime compensation to all non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek or 12 hours per workday.

63. Defendant routinely suffered and permitted Plaintiff and the Rule 23 Class to work more than 40 hours per workweek or 12 hours per workday without receiving the legally mandated overtime premiums at a rate of not less than one and one-half times their regular rate of pay.

64. Defendant's actions, policies, and practices as described herein violate the CWA and MWO by failing to compensate Plaintiff and the Rule 23 Class for all of their overtime hours worked at the proper overtime rate.

65. As the direct and proximate result of Defendant's unlawful and willful conduct, Plaintiff and the Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

Accordingly, Plaintiff demands, on behalf of herself and the Rule Class:

- Certification of these claims as a class under Fed. R. Civ. P. 23.
- Designation of the Plaintiff as class representative.
- Damages for their unpaid overtime wages.
- Attorney Fees and costs of prosecuting this action.
- Pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of the FLSA Collective demands:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Certifying the Rule 23 Class under Rule 23 of the Federal Rules of Civil Procedure;

c. Designation of Plaintiff as the Class Representative;

d. Appointment of Johnson Becker, PLLC, as Interim, Lead Class Counsel, with respect to Plaintiff and the FLSA Collective's FLSA claims;

e. Compensatory damages, namely, the amount of all wages not paid for all hours Plaintiff worked;

f. Compensatory damages, namely, the amount of unpaid overtime wages calculated at the rate of one and one-half of each Plaintiff's regular rate multiplied by all hours worked in excess of 40 hours per week for the past three years;

g. Liquidated damages in an amount equal to the amount of unpaid overtime wages;

h. A declaration that Defendant's wage practice alleged herein violates the FLSA and its regulations and the CWA and its regulations;

i. A declaration that through the wage practice alleged herein, the Defendant willfully violated the FLSA and its regulations and the CWA and its regulations;

j. Incentive awards for Turnell;

k. Pre- and post-judgment interest on all damages;

l. Attorney fees and costs incurred, in accordance with the FLSA; and

m. Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

Dated: October 18, 2017          /s/ David Grounds
David H. Grounds (Minn. Bar No. 285742)
Molly E. Nephew (Minn. Bar No. 397607)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Phone: (612) 436-1800
Fax: (612) 436-1801
dgrounds@johnsonbecker.com
mnephew@johnsonbecker.com

*Counsel for the Plaintiffs*